**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE CRIMSON LION, LTD. (d/b/a The Red Lion Pub), <br><br> Plaintiff, <br><br> v. <br><br> THE RED LION PUB & GRILL, INC., and MIGUEL PEREZ, <br><br> Defendants. | Case No.: 14-cv-9528 |

**COMPLAINT**

Plaintiff The Crimson Lion, Ltd., d/b/a The Red Lion Pub ("Crimson Lion" or "The Red Lion Pub"), brings claims against defendants The Red Lion Pub & Grill, Inc ("RLPG") and Miguel Perez ("Perez"), alleging as follows:

**Nature of the Action**

1. This is a civil action for trademark infringement and other related wrongs committed by RLPG and Perez, who have violated the trademark laws of the United States (15 U.S.C. §§ 1051 et seq.) and the statutory and common law of Illinois. Defendants are irreparably damaging Crimson Lion and unjustly profiting by confusing and deceiving the public.

2. This Court has subject-matter jurisdiction because this is a civil action under the United States Lanham (Trademark) Act (15. U.S.C. §§ 1051 et seq.), and further under 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a). This Court has

1

supplemental jurisdiction over the causes of action arising under Illinois law, in accordance with 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over Perez because he does business and resides in Illinois, and over RLPG because it does business in Illinois and is organized under the laws of Illinois.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b) because defendants reside in this district, may be found in this district, and a substantial part of the events giving rise to the claims in this action occurred within this district.

## The Parties

5. Plaintiff The Crimson Lion, Ltd., d/b/a The Red Lion Pub ("Crimson Lion" or "The Red Lion Pub"), is an active Illinois corporation organized in 1984 with its principal place of business in this district at 2446 N. Lincoln Ave., Chicago, IL 60614.

6. Defendant The Red Lion Pub & Grill, Inc. ("RLPG") (a/k/a The Red Lion Pub & Grille, Inc.) is an active Illinois corporation organized in October 2013 with its location in this district at 2906 W. Armitage Ave., Chicago, IL 60647.

7. Defendant Miguel Perez is the registered agent and president of RLPG, with his address listed with the Illinois Secretary of State as 2906 W. Armitage Ave., Chicago, IL 60647. He is an operator, owner, manager, and/or officer of RLPG and has assisted in, participated in, or individually committed the tortious acts of RLPG and himself described herein.

## History of The Red Lion Pub and the Red Lion Marks

8.     In 1984, Crimson Lion began marketing and operating an English pub in Lincoln Park known as "The Red Lion Pub," located at 2446 N. Lincoln Ave., Chicago, Illinois. This month, The Red Lion Pub celebrates its 30th anniversary, and earlier this year, The Red Lion Pub's complete renovation and reopening was widely announced and publicized in various media. Because of its national and international fame, The Red Lion Pub serves not only local customers, but has drawn countless out-of-state travelers as its patrons.

9.     Since 1984, the marketing, advertising, goods, and services of The Red Lion Pub have consistently featured The Red Lion Pub trade name, service marks, and trademarks, and a distinctive trade dress (collectively, the "Red Lion Marks"). The Red Lion Marks include a distinctive lion design.

10.     The Red Lion Marks are nonfunctional, arbitrary, and distinctive, have acquired strong secondary meaning with the relevant consuming public, and have been used extensively in commerce.

11.     Over the course of its long history, The Red Lion Pub and the Red Lion Marks have achieved great fame and success in the marketplace. They have been featured locally, nationally, and internationally in several print and electronic publications, including the New York Times, Marvel Comics, Chicago Tribune, Whiskey Magazine, Avant Guide, Lonely Planet, Zagat, and Fodors. Esquire magazine identified The Red Lion Pub as one of the best bars in the United States. GQ magazine praised The Red Lion Pub as one of the best local bars in the world. Chicago Magazine has referred

to The Red Lion Pub as Chicago's "finest British bar." DNAinfo notes that nationally and internationally known actors and intellectuals such as Brian Dennehy and Christopher Hitchens have made it a point to visit The Red Lion Pub.

12. At various times, The Red Lion Pub advertised on radio superstation WFMT, reaching an interstate audience by broadcast, cable, or satellite.

13. As part of The Red Lion Pub's promotional efforts, its owner, Colin Cordwell, co-authored a book entitled Tales from the Red Lion Chicago. The book includes an authorized use of the distinctive lion design on its cover.

14. The Red Lion Pub has been and continues to market itself using the Red Lion Marks on various webpages it controls, including on its registered domain <redlionchicago.com>. The Red Lion Pub is also the subject of numerous mentions and reviews on dozens of websites operated by third parties.

15. As a result of marketing, advertising, fame, and acclaim over the course of more than two decades, the Red Lion Marks have come to represent valuable goodwill owned by Crimson Lion.

**Defendants' Infringement of the Red Lion Marks**

16. In October 2013, RLPG was incorporated under the laws of Illinois, with Miguel Perez as its registered agent. At various times, RLPG has used the name "The Red Lion Pub & Grille, Inc." or "The Red Lion Pub & Grill, Inc.," and at various times since at least summer 2014, RLPG has operated a British-themed pub at 2906 W. Armitage, Chicago, IL. At various times, the storefront at 2906 W. Armitage has read

"The Red Lion Pub & Grill," "The Red Lion Grill," or "The Lion & Grill," with red lion logos.

17. On July 16, 2014, Perez obtained a registration (no. 106818) from the Secretary of State of Illinois for the alleged service mark: "THE RED LION PUB AND GRILL - WITH LOGO - WORDS APPEAR IN STYLIZED PRINT IN GOLD WITH ONE LION ON THE LEFT SIDE AND ONE LION ON THE RIGHT IN RED." The Illinois Service Mark Detail Report indicates that Perez claimed to first use the alleged service mark on November 1, 2013.

18. Upon reason and belief, during the state registration process, Perez knowingly failed to disclose that Crimson Lion owned, had the right to use, and used the name "The Red Lion Pub" and the Red Lion Marks, including without limitation a stylized red lion.

19. In recent months, RLPG has advertised its restaurant as "The Red Lion Pub & Grill" through bulk mail distributed through the United States Postal Service.

20. RLPG's advertisements through the United States Postal Service have included distribution of a menu that includes menu items and descriptions similar to a menu belonging to The Red Lion Pub.

21. Upon reason and belief, since at least October 2014, RLPG has used the internet domain <theredlionpubandgrillchicago.com>, on which it identifies its restaurant as "The Red Lion Pub & Grill" and "The Red Lion Pub and Grill," and through which it receives online orders. Upon reason and belief, RLPG also receives orders as

"The Red Lion Pub & Grill" or "The Red Lion Pub and Grill" on at least grubhub.com, allmenus.com, seamless.com, and menuism.com.

22. Customers have mistakenly called The Red Lion Pub to place orders from menus distributed by RLPG. Vendors have mistakenly sent invoices and orders to The Red Lion Pub that were intended for RLPG. As noted by the online magazine LoganSquarist, there has been "popular [mistaken] speculation" that RLPG's restaurant is related to The Red Lion Pub.

23. Crimson Lion has expressly demanded that RLPG and Perez cease infringing the Red Lion Marks. Since Crimson Lion's written demands, however, RLPG and Perez have expanded their use of marks ("Infringing Marks") that are confusingly similar to the Red Lion Marks owned by Crimson Lion.

24. Defendants' use of the Infringing Marks has caused actual confusion and mistake by members of the consuming public, who, among other things, have mistakenly associated RLPG's establishment with The Red Lion Pub.

**Count I**

**Trade Dress and Trademark/Service Mark Infringement under Federal Law**

25. Paragraphs 1–24 are incorporated herein by reference.

26. RLPG and Perez's unauthorized use in commerce of the Infringing Marks has actually caused, and is likely to cause, confusion, mistake or deception as to their affiliation, connection, or association with The Red Lion Pub or Crimson Lion, and as to the origin, sponsorship, or approval of their goods, services, or commercial activities by

The Red Lion Pub or Crimson Lion. This violates Crimson Lion's rights under 15 U.S.C. § 1125(a).

27. Defendants' conduct alleged herein has been willful and intentional.

28. Defendants' conduct alleged herein has harmed and is likely to continue to harm Crimson Lion, at least through lost sales and lost goodwill. Further, defendants have been unjustly enriched by their conduct wrongfully usurping the goodwill associated with the Red Lion Marks.

29. Upon reason and belief, unless enjoined by this Court, defendants will continue to do acts complained of herein, all to irreparable harm of Crimson Lion. Crimson Lion's remedies at law are inadequate.

**Count II**

**False Designations and Representations in Violation of Federal Law**

30. Paragraphs 1–29 are incorporated herein by reference.

31. Defendants' commercial promotion, advertising, distribution, and sale of goods and services using the Infringing Marks are intended to and are likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, nature, or affiliation of the goods and services, and are intended, and are likely to cause erroneous beliefs that the goods and services have been authorized, sponsored, created, sold, approved, endorsed, or licensed by Crimson Lion or The Red Lion Pub or that defendants are in some way associated with The Red Lion Pub.

32. Defendants' false and misleading use of the Infringing Marks includes, without limitation: (a) deceptive, repeated, and gratuitous use of the Infringing Marks in

and on their webpage, domain name, and various internet directories and online order sites; (b) deceptive, repeated, and gratuitous use of the Infringing Marks in their marketing and advertising, including without limitation bulk distributions through the United States Postal Service, and (c) deceptive, repeated, and gratuitous use of the Infringing Marks in their place of business and on their storefront.

33. Defendants' acts constitute false designations of origin, and false and misleading descriptions and representations of fact, all in violation of 15 U.S.C. § 1125(a).

34. Defendants' conduct alleged herein has been willful and intentional.

35. Defendants' conduct alleged herein has harmed and is likely to continue to harm Crimson Lion, at least through lost sales and lost goodwill. Further, defendants have been unjustly enriched by their conduct wrongfully usurping the goodwill associated with the Red Lion Marks.

36. Upon reason and belief, unless enjoined by this Court, defendants will continue to do acts complained of herein, all to irreparable harm of Crimson Lion. Crimson Lion's remedies at law are inadequate.

## Count III
## Unfair Competition and Deceptive Trade Practices under Federal Law

37. Paragraphs 1–36 are incorporated herein by reference.

38. The aforesaid acts of defendants constitute unfair competition and deceptive trade practices under Federal law (15 U.S.C. § 1051 et seq.).

39. Defendants' conduct alleged herein has been willful and intentional.

40. Defendants' conduct alleged herein has harmed and is likely to continue to harm Crimson Lion, at least through lost sales and lost goodwill. Further, defendants have been unjustly enriched by their conduct wrongfully usurping the goodwill associated with the Red Lion Marks.

41. Upon reason and belief, unless enjoined by this Court, defendants will continue to do acts complained of herein, all to irreparable harm of Crimson Lion. Crimson Lion's remedies at law are inadequate.

**Count IV**

**Cybersquatting in Violation of Federal Law**

42. Paragraphs 1–41 are incorporated herein by reference.

43. Defendants have registered, trafficked in, and used, and continue to use, the infringing domain name <theredlionpubandgrillchicago.com> with the bad faith intent to profit from its confusing similarity to the domain name, trade name, and marks owned by Crimson Lion.

44. Defendants' use of the infringing domain name is without Crimson Lion's consent.

45. Defendants do not have any intellectual property rights in <theredlionpubandgrillchicago.com> or any other terms identical or similar to the Red Lion Marks.

46. Defendants' use of the infringing domain name is likely to mislead users seeking Crimson Lion's goods and services to visit defendants' website.

47. Defendants are deliberately using the infringing domain name to attract and divert internet users to Defendants' website for the purpose of commercial gain based on a likelihood of confusion with The Red Lion Pub (and its marks and domain name) as to source, sponsorship, affiliation, or endorsement.

48. Defendants' acts have been and continue to be committed intentionally with full knowledge of Crimson Lion's prior rights and the fact that such actions are likely to cause further confusion, mistake, or deception, and in a deliberate attempt to trade on the goodwill of Crimson Lion and The Red Lion Pub.

49. Defendants' use of the infringing domain name constitutes cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

50. Defendants' conduct alleged herein has harmed and is likely to continue to harm Crimson Lion, at least through lost sales and lost goodwill. Further, defendants have been unjustly enriched by their conduct wrongfully usurping the goodwill associated with the Red Lion Marks.

51. Upon reason and belief, unless enjoined by this Court, defendants will continue to do acts complained of herein, all to irreparable harm of Crimson Lion. Crimson Lion's remedies at law are inadequate.

**Count V**

**Common Law Trade Dress and Trademark/Service Mark Infringement**

52. Paragraphs 1–51 are incorporated herein by reference.

53. Crimson Lion owns all rights, title, and interest in and to the Red Lion Marks in the relevant marketplace, including all common law rights.

54. Defendants, without authorization from Crimson Lion, have commercially used Infringing Marks that are identical to, substantially indistinguishable from, or confusingly similar to the Red Lion Marks.

55. Defendants' unauthorized use in commerce (including in Illinois) of the Infringing Marks has actually caused, and is likely to cause, confusion and mistake or deception as to the affiliation, connection, or association with The Red Lion Pub or Crimson Lion, and as to the origin, sponsorship, or approval of goods, services, or commercial activities by The Red Lion Pub or Crimson Lion.

56. Defendants' conduct alleged herein has been willful and intentional.

57. Defendants' conduct alleged herein has harmed and is likely to continue to harm Crimson Lion, at least through lost sales and lost goodwill. Further, Defendants have been unjustly enriched by their conduct wrongfully usurping the goodwill associated with the Red Lion Marks.

58. Defendants' conduct constitutes trade dress, trademark, or service mark infringement in violation of the common law of Illinois.

59. Upon reason and belief, unless enjoined by this Court, defendants will continue to do acts complained of herein, all to irreparable harm of Crimson Lion. Crimson Lion's remedies at law are inadequate.

## Count VI

## Wrongful Registration

60. Paragraphs 1–59 are incorporated herein by reference.

61. Defendants' registration (No. 106818) with the Secretary of State of Illinois for the alleged service mark (the "106818 mark") "THE RED LION PUB AND GRILL - WITH LOGO - WORDS APPEAR IN STYLIZED PRINT IN GOLD WITH ONE LION ON THE LEFT SIDE AND ONE LION ON THE RIGHT IN RED" is wrongful under 765 ILCS 1036/1 *et seq*.

62. Upon reason and belief, in applying for registration, defendants falsely represented to the Secretary of State that one of them owned the 106818 mark and that no other person has the right to use the 106818 mark either in the identical form thereof or in such near resemblance thereto as to be likely, when applied to goods or services, to cause confusion, or to cause mistake, or to deceive. Upon reason and belief, defendants also falsely represented to the Secretary of State that the first use of the 106818 mark was November 1, 2013.

63. Defendants' false representations and declarations were willful, knowing, and fraudulent, in violation of at least 765 ILCS 1036/15(e) and 1036/55.

64. Under 765 ILCS 1036/45, registration no. 106818 should be canceled, at least because the registrant is not the owner of the mark, the registration was granted improperly, and the registration was obtained fraudulently.

65. Defendants' conduct and the wrongful registration no. 106818 alleged herein has harmed and is likely to continue to harm Crimson Lion, at least through lost sales and lost goodwill, and by making it difficult for Crimson Lion to register the Red Lion Marks it owns. Further, defendants have been unjustly enriched by their conduct

wrongfully usurping the goodwill associated with the Red Lion Marks. Crimson Lion's remedies at law are inadequate.

## Count VII

## Trademark Dilution under Illinois Law

66. Paragraphs 1–65 are incorporated herein by reference.

67. Crimson Lion owns the Red Lion Marks, which are famous and distinctive in Illinois and elsewhere.

68. Defendants have commercially used certain famous and distinctive Red Lion Marks, including the "Red Lion" and "Red Lion Pub" trade names and the stylized red lion. Defendants' commercial use began after the marks became famous, and dilute their distinctive quality.

69. In commercially using Crimson Lion's famous and distinctive marks, defendants willfully intended to trade on Crimson Lion's reputation or to cause dilution of Crimson Lion's famous marks.

70. Defendants' conduct alleged herein has harmed and is likely to continue to harm Crimson Lion, at least through lost sales and lost goodwill. Further, Defendants have been unjustly enriched by their conduct wrongfully usurping the goodwill associated with the Red Lion Marks.

71. Upon reason and belief, unless enjoined by this Court, defendants will continue to do acts complained of herein, all to irreparable harm of Crimson Lion. Crimson Lion's remedies at law are inadequate.

## Count VIII

**Unfair Competition and Deceptive Practices under Illinois Law**

72. Paragraphs 1–71 are incorporated herein by reference.

73. Defendants' acts alleged herein constitute deceptive trade practices and unfair competition in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2 et seq.), the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/2 et seq.), and Illinois common law. Among other things, defendants' acts have caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services and as to affiliation, connection, or association with or certification by another.

74. Defendants' misleading and deceptive acts include (a) deceptive, repeated, and gratuitous use of the Infringing Marks in and on their webpage, domain name, and various internet directories and online order sites; (b) deceptive, repeated, and gratuitous use of the Infringing Marks in their marketing and advertising, including without limitation bulk distributions through the United States Postal Service, and (c) deceptive, repeated, and gratuitous use of the Infringing Marks in their place of business and on their storefront.

75. Defendants' conduct alleged herein has been willful and intentional.

76. Defendants' conduct alleged herein has harmed and is likely to continue to harm Crimson Lion, at least through lost sales and lost goodwill. Further, defendants have been unjustly enriched by their conduct wrongfully usurping the goodwill associated with the Red Lion Marks.

77. Upon reason and belief, unless enjoined by this Court, defendants will continue to do acts complained of herein, all to irreparable harm of Crimson Lion. Crimson Lion's remedies at law are inadequate.

## Count IX

## Unjust Enrichment

78. Paragraphs 1–77 are incorporated herein by reference.

79. Defendants have unjustly retained the benefits of their wrongful actions to the detriment of Crimson Lion.

80. Upon reason and belief, among other things, defendants have been unjustly enriched in the form of revenues and profits through misappropriation of the goodwill of The Red Lion Pub.

81. Defendants' retention of these benefits violates fundamental principles of justice, equity, and good conscience.

## Prayer for Relief

WHEREFORE, Crimson Lion, requests as awards and judgment the following relief:

A. That RLPG and Perez, and their agents, affiliates, parents, subsidiaries, and all persons acting in concert or participating with them, be preliminarily and permanently enjoined from:

i. using the Infringing Marks or any other names, words, designations, or symbols consisting of, incorporating in whole or part, or otherwise similar to the

Red Lion Marks in any advertisement, promotion, any place of business, or on any website;

ii. using the internet domain <theredlionpubandgrillchicago.com> ("the infringing domain name");

iii. registering or maintaining any registration of the infringing domain name, or any other names, words, designations, or symbols consisting of, incorporating in whole or part, or otherwise similar to the Red Lion Marks;

iv. using the words "Red Lion" as part of any trade name, trademark, or service mark, in any promotion or sale of goods or services, or as part of the name of any business entity;

v. using a pictorial red lion in any promotion or sale of goods or services

vi. making any description or representation stating or implying that defendants' goods or services, domain names, websites, advertisements, or promotions are in any way affiliated with Crimson Lion or The Red Lion Pub; and

vii. otherwise infringing the intellectual property rights of Crimson Lion.

B. That Illinois service mark registration no. 106818 be cancelled.

C. That defendants be ordered to delete, remove, or destroy all infringing uses of any names, words, designations, or symbols consisting of, incorporating in whole or part, or otherwise similar to the Red Lion Marks.

D. That defendants be ordered to disclose to all uses of any names, words, designations, or symbols consisting of, incorporating in whole or part, or otherwise

similar to the Red Lion Marks in order to permit the Court and parties to consider whether any such uses should be subject to relief in this matter.

    E.    That defendants be ordered to transfer their registration in the infringing domain name and any other registrations as may be determined by the Court as appropriate for relief (15 U.S.C. § 1125(d)(1)(C)).

    F.    That each defendant be ordered to pay statutory damages in the amount of $100,000 per domain name (15 U.S.C. § 1117(d)).

    G.    That defendants be ordered to account for all sales and to pay all profits realized by their unlawful acts as set forth in this complaint, and if necessary, that a third party be appointed to perform or assist in such accounting at defendants' expense.

    H.    That defendants be ordered to pay for corrective advertising, royalties, loss of reputation, loss of future revenue, loss of business opportunities, and all other recoverable damages to Crimson Lion.

    I.    That defendants be ordered to pay three times the damages suffered by reason of the intentional, unlawful acts of defendants as set forth in this complaint (15 U.S.C. § 1117(a)).

    J.    That defendants be ordered to pay punitive or exemplary damages as provided by law.

    K.    That defendants be ordered to pay costs, attorney fees, investigatory fees, and expenses to the full extent provided by 15 U.S.C. § 1117, the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2 et seq.), the Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510/2 et seq.), the Illinois Trademark

Registration and Protection Act (765 ILCS 1036/1 et seq.), the Federal Rules of Civil Procedure, or any other basis under law or equity.

      L.     That defendants be ordered to pay prejudgment interest on any monetary award made part of the judgment; and,

      M.    That Crimson Lion be awarded such additional and further relief as the Court deems just and proper.

Dated: November 26, 2014

Respectfully submitted,

/s/ Tawfiq I. Ali

Tawfiq I. Ali (6292261)
Ali Law Practice LLC
200 E Randolph St Ste 5100-24
Chicago, IL 60601
312-970-1847
tali@alilawpractice.com

*Attorney for plaintiff The Crimson Lion, Ltd.*